# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN HOWARD, | CV F 05 1209 OWW SMS P |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1.) |
| v. | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |
| A.K. SCRIBNER, et. al., | |
| Defendants. | |

Steven Howard ("Plaintiff") is a state prisoner currently incarcerated at Corcoran State Prison and proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on September 23, 2005, naming J. Woodford, Director of Corrections, Ernest Roe, Warden at Lancaster State Prison, Yarborough, Warden at Lancaster State Prison, Correctional Officers Gonzales, Frable, Wright, Martin, Weeks, Sloss, Hibbit, K. Osborne, Charles Bruce, Joel Pieren, Warden Scribner, Corcoran State Prison, and George Otanez, Psychiatrist as Defendants in this action.  Plaintiff's allegations are unclear although he contends that he is experiencing discrimination and that there is also a conspiracy to have him murdered that exists within Lancaster State Prison, Pelican Bay and Corcoran where he is currently housed.

## A. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

As noted above, Plaintiff alleges that he is experiencing discrimination and that there is a widespread conspiracy to have him "murdered via an informant" that has existed while he was confined at Lancaster State Prison, Pelican Bay State Prison and now Corcoran State Prison. Plaintiff's sixty-one (61) page Complaint is in narrative form that merely describes every incident that has taken place while he was confined at each of these institutions.

**C. CLAIMS FOR RELIEF**

*1. Venue*

As a preliminary matter, pursuant to Local Rule 3-120(b), civil actions arising in Fresno County shall be commenced in the Fresno Division of the Eastern District of California. Thus, civil claims that arose in a district other than the Eastern District, Fresno Division, must be filed or transferred to the appropriate district. Local Rule 3-120(d).

In this case, only those claims concerning allegations at Corcoran State Prison are appropriately filed in this Court. Plaintiff's allegations concerning actions at Lancaster State Prison and Pelican Bay State Prison must be filed in either the Central District (Lancaster) or the Northern District (Pelican Bay) as venue for those claims is inappropriate in this Court. As discussed below, the Court will grant Plaintiff leave to amend his Complaint to allege only claims that are proper in this District. In the event Plaintiff fails to omit those claims arising out of jurisdictions other than this one, the Court will recommend dismissal so that Plaintiff may re-file in the appropriate Court.

*2. Linkage Requirement*

> The Civil Rights Act under which this action was filed provides:
> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

In this case, although Plaintiff appears to have a myriad of complaints, Plaintiff does not link any of the named Defendants to any act or omission giving rise to any constitutional violation. In fact, other than his preliminary statement of conspiracy, Plaintiff does not even state the alleged constitutional violation. Again, the Complaint consists of a narrative of every event that happened to Plaintiff during his incarceration at the correctional institutions named above.

As Plaintiff fails to link any named Defendant to an act or omission, his Complaint must be dismissed. As noted above, Plaintiff will be given leave to amend so that he can cure this defect.

*2. Conspiracy*

In the context of conspiracy claims brought pursuant to section 1983, such a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

Plaintiff has not alleged any facts supporting the existence of a conspiracy between defendants. Further, Plaintiff has not alleged facts demonstrating that Defendants violated his constitutional rights. In order to state a cognizable claim for relief for conspiracy, Plaintiff must establish that defendants conspired to violate an underlying constitutional right.

*3. Equal Protection*

Although Plaintiff does not use the term "equal protection," he contends he has suffered discrimination. To the extent Plaintiff means to allege that his right to equal protection was violated, the Court provides the following law.

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

Here, Plaintiff provides no facts demonstrating that any of the named individuals acted or

failed to act in a manner that violated his equal protection rights. In addition, as Plaintiff fails to link any of the named individuals to an act or omission that might give rise to an Equal Protection violation, the Complaint fails to state a claim for relief.

    *4. Capacity & Supervisory Liability*

In his complaint, Plaintiff names Department of Corrections Director Jeanne Woodford, and other supervisory personnel as defendants. In amending his complaint, Plaintiff is advised to carefully review the following legal standards with respect to his claims against supervisory personnel such as Director Woodford and the Wardens named.

The Eleventh Amendment bars damages actions against state officials in their official capacity. See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997); Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1996); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). For this reason, a damages claim against defendants in their official capacities is not cognizable and must be dismissed from the action.

The Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacity. See Hafer v. Melo, 502 U.S. 21, 30 (1991); Ashker v. California Dep't of Corrections, 112 F.3d 392, 394 (9th Cir.), cert. denied, 118 S. Ct. 168 (1997); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). "Personal-capacity suits seek to impose personal liability upon a government official for actions [the official] takes under color of state law. See Kentucky v. Graham, 473 U.S. 159, 165 (1988). Where plaintiff is seeking damages against a state official, such as in the instant action, this "necessarily implies" a personal-capacity suit because an official-capacity suit would be barred. See Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 973 n.16 (9th Cir. 1994); Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim

for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged specific facts indicating that Defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. For this reason, Plaintiff fails to state a claim for relief against defendants under section 1983.

**D. CONCLUSION**

The Court finds that Plaintiff's complaint does not contain any claims upon which relief can be granted under § 1983 against any of the Defendants. The Court will provide Plaintiff with time to file a first Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The Amended Complaint must specifically state how each Defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a Defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint

1 be complete in itself without reference to any prior pleading.  As a general rule, an Amended
2 Complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
3 1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any
4 function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each
5 claim and the involvement of each defendant must be sufficiently alleged.  The Amended
6 Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the
7 appropriate case number, and be an original signed under penalty of perjury.

**D. ORDER**

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Amended Complaint is DISMISSED with leave to amend.  Within THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

   a. File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

   b. Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   October 21, 2005**                    **/s/ Sandra M. Snyder**
icido3                                                               UNITED STATES MAGISTRATE JUDGE