IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN HOWARD, | ) | 1:05-cv-01209-OWW-SMS-P |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **FINDINGS AND RECOMMENDATIONS** |
| | ) | **RE DISMISSAL OF COMPLAINT/** |
| A.K. SCRIBNER, et al., | ) | **ACTION** (Doc. 5) |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Steven Howard ("plaintiff"), is a state prisoner currently incarcerated at Corcoran State Prison, and is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 24, 2005, the court issued an order requiring plaintiff to file an amended complaint curing the deficiencies identified therein OR notify the court in writing of his desire to otherwise voluntarily dismiss the case, within thirty (30) days from the date of service of that order.  The thirty-day period has passed, and plaintiff has failed to comply with or otherwise respond to the court's order.

//

1

1    Local Rule 11-110 provides that "failure of counsel or of a

2  party to comply with these Local Rules or with any order of the

3  Court may be grounds for the imposition by the Court of any and all

4  sanctions . . . within the inherent power of the Court."  District

5  courts have the inherent power to control their dockets and "in the

6  exercise of that power, they may impose sanctions including, where

7  appropriate . . . dismissal of a case."  Thompson v. Housing Auth.,

8  782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action,

9  with prejudice, based on a party's failure to prosecute an action,

10  failure to obey a court order, or failure to comply with local

11  rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.

12  1995)(dismissal for noncompliance with local rule); Ferdik v.

13  Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for

14  failure to comply with an order requiring amendment of complaint);

15  Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for

16  failure to comply with local rule requiring pro se plaintiffs to

17  keep court apprised of address); Malone v. U.S. Postal Service, 833

18  F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with

19  court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.

20  1986)(dismissal for failure to lack of prosecution and failure to

21  comply with local rules).

22    In determining whether to dismiss an action for lack of

23  prosecution, failure to obey a court order, or failure to comply

24  with local rules, the court must consider several factors: (1) the

25  public's interest in expeditious resolution of litigation; (2) the

26  court's need to manage its docket; (3) the risk of prejudice to the

27  defendants; (4) the public policy favoring disposition of cases on

28  their merits; and, (5) the availability of less drastic

2

1  alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at

2  1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;

3  Ghazali, 46 F.3d at 53.

4       In the instant case, the court finds that the public's

5  interest in expeditiously resolving this litigation and the court's

6  interest in managing the docket weigh in favor of dismissal.  The

7  third factor, risk of prejudice to defendants, also weighs in favor

8  of dismissal, since a presumption of injury arises from the

9  occurrence of unreasonable delay in prosecuting an action.

10 Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth

11 factor -- public policy favoring disposition of cases on their

12 merits -- is greatly outweighed by the factors in favor of

13 dismissal discussed herein.  Finally, a court's warning to a party

14 that his failure to obey the court's order will result in dismissal

15 satisfies the "consideration of alternatives" requirement.  Ferdik

16 v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,

17 779 F.2d at 1424.  The court's order of October 24, 2005, expressly

18 stated: "Plaintiff is forewarned that his failure to comply with

19 this Order may result in a Recommendation that the complaint be

20 dismissed pursuant to Local Rule 11-110."  Thus, plaintiff had

21 adequate warning that dismissal could result from non-compliance

22 with the court's order.

23      Accordingly, the court HEREBY RECOMMENDS that the complaint,

24 and therefore this action, be DISMISSED based on plaintiff's

25 failure to obey the court's order of October 24, 2005.

26      These Findings and Recommendations are submitted to the United

27 States District Judge assigned to the case, pursuant to the

28 provisions of Title 28 U.S.C. § 636(b)(1).  Within **twenty (20) days**

3

1  after being served with these Findings and Recommendations,

2  plaintiff may file written objections with the court.  Such a

3  document should be captioned "Objections to Magistrate Judge's

4  Findings and Recommendations."  Plaintiff is advised that failure

5  to file objections within the specified time may waive the right to

6  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

7  (9th Cir. 1991).

8  IT IS SO ORDERED.

9  **Dated:   December 12, 2005**              **/s/ Sandra M. Snyder**
   icido3                                  UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28